UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOAR, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>TRANSTATE EQUIPMENT COMPANY, INC.,<br>formerly known as TEC HOLDINGS, INC.,<br><br>      Defendant. | Civil Action No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

  Plaintiff DOAR, Inc. ("Plaintiff" or "DOAR"), by its undersigned attorneys, hereby brings the following Complaint against defendant Transtate Equipment Company, Inc., formerly known as TEC Holdings, Inc. ("Defendant" or "Transtate"), and alleges as follows:

## NATURE OF ACTION

  1. This is an action by Plaintiff for damages arising out of Defendant's breach of its contractual obligation to pay for trial support and related services rendered by DOAR pursuant to a Retainer Agreement entered into on or about December 19, 2022, between DOAR, Transtate and Transtate's then-counsel, Dentons US LLP ("Dentons") (the "Agreement"). A true copy of the Agreement is attached as **Exhibit A** and incorporated herein. Despite repeated demands for payment to Defendant, the sum of $184,810.38 remains outstanding and due to DOAR.

## PARTIES

  2. Plaintiff DOAR is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1370 Broadway, 15th Floor, New York, New York 10018. DOAR provides litigation services, including trial support services, such as jury

consulting, demonstrative evidence preparation and presentation, and in person trial consulting and evidence presentation services to law firms and corporations involved in legal disputes.

3. Upon information and belief, Transtate is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in North Carolina or Illinois. Upon information and belief, Transtate services and sells medical imaging systems across the United States.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiff and Defendant. Plaintiff DOAR is a citizen of the State of New York. Defendant Transtate is a citizen of the State of Delaware and either the State of North Carolina or the State of Illinois.

5. Personal Jurisdiction and venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and, alternatively, there is no district in which an action may otherwise be brought as provided under 28 U.S.C. § 1391, and Defendant is subject to this court's personal jurisdiction with respect to this action. Specifically, under Section 6 of the Agreement, the parties agreed that "[a]ny controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled in the federal or state courts in the state of New York." Furthermore, under Section 8 of the Agreement, the parties to the Agreement consented to the jurisdiction of the courts within the State of New York.

3118625.7 112407-98748

**FACTS**

6. Plaintiff is a leading global consulting firm which advises lawyers and corporations involved in legal disputes. Among other services, DOAR provides litigation services, including trial support services, such as jury consulting, demonstrative evidence preparation and presentation, and in person trial consulting and evidence presentation services to law firms and corporations involved in legal disputes.

7. In or about 2022, Transtate and TEC Holdings, Inc. ("TEC") were defendants in a litigation captioned *Philips Medical Systems Nederland B.V., et al. v. TEC Holdings, Inc., et al.*, Civil Action No. 3:20-cv-21-MOC-DCK, that was pending in the United States District Court for the Western District of North Carolina (the "Matter"). Dentons US LLP ("Dentons" or "Counsel") was counsel to Transtate in the Matter.

8. On or about December 19, 2022, Transtate and Dentons entered into an Agreement with DOAR pursuant to which DOAR agreed to provide certain litigation and trial support services to Transtate and its counsel, including jury research and trial and graphics consulting services, for the Matter. As stated above, a copy of the Agreement is attached as **Exhibit A** and incorporated herein. All parties executed the Agreement.

9. Pursuant to Section 1.b. of the Agreement, Transtate was required to compensate DOAR in accordance with the Pricing fee schedule that is attached to the Agreement and, in addition, reimburse DOAR for its out-of-pocket expenses. The Pricing Fee Schedule attached to the end of the Agreement set the following rates for DOAR's services: graphics consultants were billed at a rate of $325/hour; trial presentation consultants were billed at a rate of $275/hour; multimedia design

consultants were billed at a rate of $250/hour; and analysts were billed at a rate of $195/hour. In addition, the Managing Director of the Matter was billed at $395/hour.

10. Pursuant to Section 1.a. of the Agreement, Transtate was required to pay DOAR an initial retainer of $25,000, which would be held by DOAR and applied to the final invoice. Transtate never paid DOAR any of the required retainer.

11. Pursuant to Section 1.c. of the Agreement, DOAR agreed to invoice Transtate at least once a month, and Transtate agreed to pay DOAR all invoices within sixty (60) days of the date of the invoice. As set forth below, DOAR timely invoiced Transtate on a monthly basis for its services.

12. Pursuant to Section 1.d of the Agreement, Transtate is solely responsible for all payments due under the terms of the Agreement. Dentons, as counsel for Transtate, agreed to use its best efforts to ensure that Transtate makes all payments as per the terms of the Agreement and to cooperate and assist DOAR in any way requested to ensure payment by Transtate.

13. As alleged above, pursuant to Section 6 of the Agreement, Transtate agreed that any controversy or claim arising out of or relating to the Agreement, or the breach thereof, would be addressed in the federal or state courts in the State of New York, and that the prevailing party shall be entitled to payment of its reasonable attorney's fees and costs resulting therefrom.

14. DOAR provided substantial trial graphics, trial consulting and related litigation services to Transtate and its counsel to assist them in connection with the Matter, including the trial thereof. Between in or about December 2022 and May 2023, DOAR assisted Transtate and its counsel with trial preparation and trial consulting services, including by creating video deposition designations for trial, preparing trial exhibits, slides, graphics and demonstratives for use at trial, performing jury research and assisting with jury selection issues, providing trial strategy consulting

3118625.7 112407-98748

services and providing onsite trial support throughout the trial. The Matter went to trial in April 2023 and lasted over two weeks. Thus, in addition to over three months of pre-trial and trial preparation services, DOAR also provided onsite trial support services from before the commencement of the trial through its conclusion, including on weekends and other non-trial days, for a total of over three weeks. Transtate accepted and benefitted from DOAR's services, and utilized DOAR's work product and services throughout the trial.

15. DOAR timely delivered to Transtate the following five invoices: an invoice dated January 6, 2023, in the amount of $17,165.51 (Invoice No. 17976); an invoice dated February 13, 2023, in the amount of $66,673.99 (Invoice No. 17966); an invoice dated March 8, 2023, in the amount of $124,256.00 (Invoice No. 18005); an invoice dated April 13, 2023, in the amount of $93,917.11 (Invoice No. 18019); and an invoice dated May 16, 2023, in the amount of $241,637.27 (Invoice No. 18043), which included time billed for daily, full-time onsite trial support throughout the length of the trial. Accordingly, DOAR billed a total of $543,649.88 to Transtate on the Matter.

16. Transtate has never disputed, objected to or questioned the quality of the services provided to it by DOAR or its consultants or the invoices presented to it by DOAR for the services. In fact, Transtate acknowledged that it was obligated to pay DOAR the full amounts invoiced and repeatedly expressed a desire and intent to do so.

17. Nevertheless, for multiple months after delivery of these invoices, Transtate failed to pay any amounts owed, notwithstanding Transtate's obligation under Section 1.c. of the Agreement to pay invoices within 60 days of the date of the invoice. None of the invoices were timely paid.

18. On or about July 17, 2023, after DOAR made multiple unsuccessful attempts to address the outstanding invoice issues with Jim Leitl, an executive officer, control person and/or

agent of Transtate and TEC, Transtate paid DOAR the January 6, 2023 invoice (Invoice No. 17976) amount of $17,165.51 and the February 13, 2023 invoice (Invoice No. 17996) amount of $66,673.99, but made no further payments to DOAR for the remainder of the summer of 2023, notwithstanding that three other invoices remained outstanding and past due.

19. On or about September 5, 2023, DOAR's counsel, Gibbons P.C., sent a letter addressed to Mr. Leitl requesting payment of the outstanding amount owed to it for all remaining invoices, which at that time equaled $459,810.38, and advising that this action would be filed if full payment was not made. Attached as **Exhibit B** is a true and correct copy of the September 5, 2023 demand letter. Gibbons P.C. sent a follow-up email to Mr. Leitl on September 19, 2023 reiterating DOAR's request for payment.

20. Mr. Leitl never responded to the demand letter or email, but in late September 2023, engaged in communications with DOAR's CEO, Paul Neale, regarding the outstanding invoices. Mr. Leitl declined to agree to a payment plan, but repeatedly represented that Transtate would make all outstanding payments before the end of 2023.

21. On or about September 28, 2023, Transtate wired DOAR $100,000.00, and represented to Mr. Neale via email that "[p]ayments at [the] end of October, November and December will clear the balance." However, while Transtate did continue to make partial, piecemeal payments at the end of October, November and December, it failed to pay down the entirety of DOAR's outstanding balance.

22. On or about October 31, 2023, Transtate made an additional payment to DOAR in the amount of $100,000. $24,256.00 of that payment, together with the $100,000 payment on September 28, 2023, completed payment of the March 8, 2023 invoice amount of $124,256.00

(Invoice No. 18005).  The remaining $75,744.00 of the October 31, 2023 payment was applied towards partial payment of the April 13, 2023 invoice amount of $93,917.11 (Invoice No. 18019).

23. Despite its agreement to pay down the entire balance owed before the year end, on or about November 30, 2023, Transtate made a payment to DOAR in the amount of only $50,000. $18,173.11 of that payment was applied towards completion of payment of the April 13, 2023 invoice amount of $93,917.11 (Invoice No. 18019).  The remaining $31,826.89 of the payment was applied to DOAR's May 16, 2023 invoice in the amount of $241,637.27 (Invoice No. 18043).

24. Again despite its agreement to pay down the entire balance owed before the year end, on or about December 29, 2023, Transtate made an additional payment to DOAR in the amount of only $25,000.  That payment likewise was applied to DOAR's May 16, 2023 invoice (Invoice No. 18043), but left $184,810.38 outstanding on that invoice.

25. To date, Transtate has not made any further payments to DOAR.  Despite Transtate's repeated assurances that it would pay off the entirety of its balance by the end of 2023, a balance of $184,810.38 on Invoice No. 18043 remains outstanding and long past due.  Attached as **Exhibit C** is a true and correct copy of a spreadsheet detailing the invoices issued by DOAR, together with amounts and dates paid, and outstanding balance as of this date.

26. DOAR is entitled to payment of the outstanding amounts plus interest and counsel fees.

## AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

27. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 26 of the Complaint with the same force and effect as if set forth more fully herein.

3118625.7 112407-98748

28. On or about December 19, 2022, Transtate entered into an Agreement with DOAR in which Transtate agreed to pay DOAR's invoices for the litigation services DOAR provided.

29. Plaintiff duly performed its obligations under the Agreement by providing litigation services to Transtate.

30. Despite Plaintiff's repeated demands that Transtate pay money it owes to Plaintiff pursuant to the Agreement, Transtate has failed to make all required payments in breach of the Agreement.

31. By reason of the foregoing, and as a result of Transtate's wrongful breach of the Agreement, Plaintiff has suffered and will continue to suffer monetary damages in the amount of at least $184,810.38, together with pre-judgment interest thereon as provided by law.

## AS AND FOR A SECOND CAUSE OF ACTION

### (ACCOUNT STATED)

32. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 31 of the Complaint with the same force and effect as if set forth more fully herein.

33. Plaintiff periodically sent Defendant invoices for services rendered, all of which invoices, at the time sent, were received by Defendant without any objection.

34. All of these invoices were delivered to, accepted, and retained by Transtate without objection.

35. Despite repeated demands for payment from Defendant to Plaintiff, there remains outstanding and due the sum of $184,810.38.

36. By reason of the foregoing, there is now due and owing from Transtate to Plaintiff the sum of $184,810.38, together with pre-judgment interest thereon as provided by law.

3118625.7 112407-98748

## AS AND FOR A THIRD CAUSE OF ACTION

### (QUANTUM MERUIT)

37. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 36 of the Complaint with the same force and effect as if set forth more fully herein.

38. Plaintiff fully performed its obligations to Defendant under the Agreement by providing litigation services in good faith.

39. Defendant accepted Plaintiff's services at all times without objection, protest or rejection. Defendant has since expressly and implicitly acknowledged that these services were provided and that the bills for the same were proper and undisputed.

40. The fair and reasonable value of the services rendered by Plaintiff to Defendant that remains unpaid is $184,810.38.

41. Despite repeated demands for payment from Defendant to Plaintiff, there remains outstanding and due the sum of $184,810.38.

42. By reason of the foregoing, Plaintiff has been damaged in an amount of at least $184,810.38, together with pre-judgment interest thereon as provided by law.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (UNJUST ENRICHMENT)

43. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 42 of the Complaint with the same force and effect as if set forth more fully herein.

44. Pursuant to the Agreement, DOAR provided litigation and trial consultation services to Transtate and its counsel, Dentons, to support their defense to the Matter. These efforts entailed

3118625.7 112407-98748

significant time and resources expended by DOAR in support of Transtate's defense, including its defense of the trial of the Matter.

45. Defendant accepted and benefitted from said services.

46. Defendant was enriched at the expense of Plaintiff.

47. Under the principles of equity and good conscience, Defendant's retention of the benefit it was conferred would be unjust if Defendant does not fully compensate Plaintiff for the services rendered.

## PRAYER FOR RELIEF

**WHEREFORE**, by virtue of the foregoing acts complained of, Plaintiff DOAR respectfully requests that the Court enter judgment in its favor against Defendant Transtate on each cause of action herein, and (a) award Plaintiff damages in in the amount of not less than $184,810.38, plus pre-judgment interest; (b) pursuant to Section 6 of the Agreement and other applicable law, award Plaintiff its reasonable attorneys' fees, expenses, costs and disbursements of pursuing this action; and (c) award Plaintiff such other, further and different relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff DOAR demands a trial by jury on all issues so triable.

Dated: New York, New York
February 2, 2024

**GIBBONS P.C.**

By: *Mark S. Sidoti*
Mark S. Sidoti
Daniel S. Weinberger
One Pennsylvania Plaza, 45th Floor, Suite 4515
New York, New York 10119

10

3118625.7 112407-98748

(212) 613-2000
(212) 554-9660 (fax)
msidoti@gibbonslaw.com
dweinberger@gibbonslaw.com

*Attorneys for Plaintiff
DOAR, Inc.*