# EXHIBIT A



# RETAINER AGREEMENT

This Retainer Agreement is entered into and accepted on December 19, 2022 by and between **DOAR, Inc.** ("DOAR"), 1370 Broadway, 15th Floor, New York, NY 10018; **Dentons US LLP** ("Counsel"), 1900 K Street, NW, Washington, DC 20006; and **Transtate Equipment Company, Inc.** ("Company"), 1040 Derita Road, Suite A Concord, NC 28027.

DOAR will provide goods and services to Counsel related to its representation of Company regarding *Philips Medical Systems Nederland B.V., et al, v. TEC Holdings, Inc., et al, Civil Action No. 3:20-cv-21-MOC-DCK*, In the United State District Court for the Western Dsitrict of North Carolina (the "Case/Project") as outlined in the attached pricing/fee schedule (the "Pricing"). The Pricing may be amended by DOAR at any time upon written notice and acceptance by Company or Counsel.

DOAR, Counsel and Company agree as follows:

## 1. Payment

a. Upon signature of this Retainer Agreement, Company will pay DOAR an initial retainer of $25,000 which will be held by DOAR and applied to the final invoice. Any amount of the retainer in excess of amounts due at time of termination shall be returned to Company.

b. Company will compensate DOAR in accordance with the schedule of fees set forth in the Pricing and, in addition, will reimburse DOAR for its out-of-pocket expenses. DOAR will provide receipts for expenses in excess of $100.00, if requested

c. Company will be invoiced no less than once per month. Payment of all invoices not charged against the retainer amount is due within sixty (60) days of the date of the invoice. For each invoice submitted for payment, DOAR will provide detailed information regarding time spent (including the name of the individual, brief description of the service provided, and time increments).

d. DOAR acknowledges that it is being retained by Counsel to provide litigation services to Company and to assist Counsel by providing goods and services which may or may not be utilized at trial. Counsel has been specifically authorized to retain DOAR for such services by Company. DOAR will invoice Company (with a copy to Counsel) and Company will be solely responsible for payment as per the terms of this Agreement. By signature to this Agreement, Company acknowledges sole responsibility for all payments due under the terms of this agreement as per paragraphs 1 (a)-(e). Counsel has no responsibility for payment of DOAR's invoices. Counsel will use best efforts to ensure that Company makes all payments as per the terms of this Agreement and agrees to cooperate and assist DOAR in any way requested to ensure payment by Company.

e. If this Agreement is terminated, whether by settlement of the Case/Project or otherwise, Company shall pay DOAR for all goods, services and expenses provided up to and including the date on which DOAR receives written notice of termination.

## 2. Confidentiality

The relationship between DOAR, Counsel and Company is bound by attorney-client and/or work-product privilege. All communications, whether verbal or written, are bound by this privilege. DOAR agrees not to use information received from Counsel hereunder for any other purpose than to fulfill its obligations under this Agreement and agrees to hold such information in confidence. DOAR has established procedures to assure the confidentiality of Counsel's documents and work product, including having its employees sign a confidentiality agreement. In the event that the Case/Project requires a heightened level of security, Counsel and Company agree to inform DOAR of that need, in writing.

## 3. One-Time License

DOAR remains the owner of and retains the exclusive rights to its work product, including any software, graphics, graphical formats, surveys, reports, equipment and products. Counsel and Company are granted a limited license to use such work product solely in connection with litigation related to Philips, the plaintiff in the current litigation.

## 4. Limitation of Liability

EXCEPT WITH REGARD TO A BREACH OF SECTION 2 REGARDING CONFIDENTIALITY, DOAR WILL NOT BE LIABLE FOR ANY DAMAGES WHATSOEVER RESULTING FROM ANY CLAIMS, DEMANDS, OR ACTIONS RELATED TO, ARISING FROM, OR BASED UPON THIS AGREEMENT INCLUDING NEGLIGENCE, MISREPRESENTATION OR OTHER TORT. UNDER NO CIRCUMSTANCES, INCLUDING NEGLIGENCE, WILL DOAR OR DOAR'S DIRECTORS, OFFICERS, EMPLOYEES, SUPPLIERS OR AGENTS, BE LIABLE TO COUNSEL FOR ANY CONSEQUENTIAL, INDIRECT, INCIDENTAL, MORAL, SPECIAL, PUNITIVE, OR EXEMPLARY DAMAGES (INCLUDING DAMAGES FOR LOSS OF PROFITS, BUSINESS INTERRUPTION, LOSS OF BUSINESS INFORMATION OR DATA, AND THE LIKE) ARISING OUT OF THE SERVICES OR DELIVERABLES PROVIDED HEREUNDER, EVEN IF DOAR HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND EVEN IN THE EVENT OF FAILURE OF AN EXCLUSIVE REMEDY. ALL FOREGOING LIMITATIONS APPLY TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW.

## 5. DISCLAIMER OF ALL WARRANTIES

NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT (INCLUDING ANY COMMUNICATION TO COUNSEL OR ANY THIRD PARTY), DOAR MAKES AND COUNSEL AND COMPANY RECEIVE NO WARRANTIES FOR ANY GOOD OR SERVICE, WHETHER EXPRESS, IMPLIED, STATUTORY, OR OTHERWISE. DOAR DOES NOT WARRANT ANY PARTICULAR RESULT OR CONCLUSION, NOR THAT ITS SERVICES WILL RESULT IN, OR CONTRIBUTE TO, ANY PARTICULAR DECISION IN A LEGAL PROCEEDING OR CONTROVERSY. DOAR SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, OR ANY WARRANTY OR STANDARD OF PERFORMANCE ARISING FROM USAGE OF TRADE OR COURSE OF DEALING OR PERFORMANCE.

## 6. Forum for Disputes/Attorney's Fees

Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled in the federal or state courts in the state of New York. The prevailing party shall be entitled to payment of its reasonable attorney's fees and costs resulting therefrom.

## 7. Entire Agreement

This Agreement, including the Pricing referred to above, constitutes the entire Agreement among the parties pertaining to the Case/Project.

## 8. Governing Law

This Agreement shall be governed by the law of the State of New York without giving effect to the conflict of laws principles thereof. The parties hereby consent to the jurisdiction of the State of New York.

## 9. Termination

Any party may terminate this Agreement at any time by giving written notice of termination to the other parties. Upon termination by Counsel or Company, DOAR will provide a final invoice of all outstanding charges and expenses within thirty (30) days of the date of termination. Payment of the final invoice less any retainer amount not previously exhausted is due within sixty (60) days of the date of the invoice.

Dentons US LLP

By: *Kirk R. Ruthenberg* (DocuSigned, 47BD08195FF64D4...)
Name: Kirk R. Ruthenberg
Title: Partner
Date: 12/21/2022 | 12:29 PM EST

Transtate Equipment Company, Inc.

By: *[signature]*
Name: Jim Leitl
Title: President and COO
Date: 12/20/2022

DOAR, Inc.

By: *Raymond McLeod* (DocuSigned, CDACB82E5D834B2...)
Name:
Title:
Date: 12/21/2022 | 12:42 PM EST

## Pricing

| | |
|---|---|
| Graphics Consultant | $325/hour |
| Trial Presentation Consultant | $275/hour |
| Multimedia Design | $250/hour |
| Analyst | $195/hour |